# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANGEL L. BERNABE,<br><br>　　　　　Defendant. | Case No. 1:17-po-00203-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE PROBATION VIOLATION<br><br>(ECF No. 28) |

## I.

## BACKGROUND

On June 25, 2017, Angel L. Bernabe ("Defendant") was cited for improper food storage in violation of 36 C.F.R. § 210(d). On June 26, 2017, Defendant was cited for exceeding the posted speed limit in violation of 36 C.F.R. § 4.21(c); driving without a license in violation of 36 C.F.R. § 4.2 and Cal. Veh. Code § 12500(a); and failing to obey a lawful order in violation of 36 C.F.R. § 2.32(a)(2). The violations occurred in Kings Canyon National Park.

On September 6, 2017, there were two actions filed, United States v. Angel L. Bernabe, 18-po-00202-SAB, and the instant action. Defendant made an initial appearance on September 21, 2017. After being advised of his rights, Defendant pled guilty to driving without a license in violation of 36 C.F.R. § 4.2 and Cal. Veh. Code § 12500(a) pursuant to a plea agreement. The remaining counts were dismissed without prejudice. Due to Defendant's criminal history and his

initial failure to comply with the officer by providing identifying information, the Court declined to accept the plea agreement the parties had proposed, and Defendant was sentenced to a fine and assessments of $540.00; 24 months of unsupervised probation to expire on September 23, 2019; Defendant was to reinstate his driver's license by December 21, 2017; complete 150 hours of community service; and obey all federal, state, and local laws.

On June 28, 2019 a petition for violation of probation was filed. According to the petition, Defendant's driver's license expired on February 27, 2019 and on June 8, 2019, he was cited for various traffic violations, including driving without a license, failure to provide financial responsibility, and no vehicle registration. A warrant was issued but was held until July 18, 2019.

Defendant made an initial appearance on the probation violation on July 18, 2019. Discovery was ordered and a briefing schedule was set. After an extension of the briefing schedule was granted, Defendant filed a motion to dismiss on August 1, 2019. The Government did not file an opposition to the motion.

A hearing on Defendant's motion was held on August 27, 2019. Defendant was present with counsel Matthew Lemke. Counsel Jeffrey Spivak appeared for the Government.

## II.

## DISCUSSION

Defendant moves to dismiss the violation of probation presenting evidence that on February 27, 2018, the California Department of Motor Vehicles issued a letter setting aside the suspension of Defendant's license. Defendant moves to have the violation of probation dismissed in the interest of justice arguing that he is serving a sentence for an offense that he did not commit and it would be a substantial injustice to impose an additional sentence for the current violation.

Defendant is not seeking to challenge the conviction in this action, nor can he. A defendant can not collaterally attack the underlying conviction at a probation revocation hearing. United States v. Torrez-Flores, 624 F.2d 776, 778–79 (7th Cir. 1980); see also United States v. Warren, 335 F.3d 76, 78 (2d Cir. 2003) (underlying sentence or conviction cannot be challenged

in a supervised release revocation hearing). The validity of a conviction cannot be asserted as a defense in a probation revocation proceeding, and the "district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside." Torrez-Flores, 624 F.2d at 780 (quoting United States v. Francischine, 512 F.2d 827, 828 (5th Cir.), cert. denied, 423 U.S. 931 (1975)). To attack the underlying conviction, Defendant must file a separate proceeding under 28 U.S.C. § 2255. Francischine, 512 F.2d at 828. The sentence is presumed valid until it has been vacated on direct appeal or in an appropriate collateral proceeding. United States v. Almand, 992 F.2d 316, 317 (11th Cir. 1993); United States v. Hofierka, 83 F.3d 357, 364 (11th Cir.), opinion modified on denial of reh'g, 92 F.3d 1108 (11th Cir. 1996). During the probation revocation hearing the Court's inquiry is not the guilt or innocence of the defendant on the underlying conviction, but whether there was a violation of his terms of probation. Torrez-Flores, 624 F.2d at 780; Francischine, 512 F.2d at 829. "[A] court should consider the petition for probation revocation as if the underlying conviction was unquestioned." United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987).

Defendant seeks to have the probation violation dismissed in the interest of justice arguing that he is serving a sentence for a conviction for which he is innocent. However, the Court notes that the driving without a valid license conviction was not the only charge against Defendant when he appeared on the citations issued. Defendant was also charged with exceeding the posted speed limit, failing to obey a lawful order, and improper food storage. In disposing of these charges, Defendant entered into a plea agreement with the Government in which these charges were dismissed in exchange for his guilty plea on the driving without a valid license.

Plea agreements are typically governed according to the principles of contract law. United States v. Johnston, 199 F.3d 1015, 1020 (9th Cir. 1999); United States v. Lewis, 979 F.2d 1372, 1375 (9th Cir. 1992). For the most part, plea agreements are interpreted "using the ordinary rules of contract interpretation." United States v. Cope, 527 F.3d 944, 949–50 (9th Cir. 2008) (quoting United States v. Transfiguracion, 442 F.3d 1222, 1228 (9th Cir.2006) and Brown

v. Poole, 337 F.3d 1155, 1159 (9th Cir.2003)). Courts draw upon contract law in interpreting plea agreements "to ensure that each party receives the benefit of the bargain, and to that end, we enforce a plea agreement's plain language in its ordinary sense." United States v. Under Seal, 902 F.3d 412, 417 (4th Cir. 2018) (quoting United States v. Warner, 820 F.3d 678, 683 (4th Cir. 2016)).

Here, the Government adhered to its commitment under the plea agreement by dismissing the other charges and Defendant received the benefit of the bargain. See Lewis, 979 F.2d at 1375. The Court is unpersuaded by Defendant's argument that he is serving a sentence for a crime that he did not commit and further punishment would be unjust.

In this instance, Defendant was placed on probation and ordered to obey all federal, state, and local laws. Any consequence here is a result of Defendant failing to comply with the terms of his probation and the Court does not find that imposing further punishment would be unjust. Rather, in this instance, given Defendant's prior history and the Court's concerns at sentencing, it would not serve the interests of justice for the Court to ignore Defendant's alleged current law violations. Accordingly, Defendant's motion to dismiss the probation violation is denied.

"The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3565(c). The Court shall set a hearing on Defendant's probation violation for October 17, 2019.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss the probation violation, filed July 26, 2019, is DENIED; and

2. A hearing on Defendant's probation violation is set for October 17, 2019, at 10:00 a.m. in Courtroom 9..

IT IS SO ORDERED.

Dated: __August 27, 2019__  
                                                      UNITED STATES MAGISTRATE JUDGE